**In re Babu S. PATEL, SS# 269–54–0685, Debtor.**

**Susan M. KNODEL and Ronnie D. Hodges, Claimants,**

**v.**

**Babu S. PATEL, Debtor,**

**v.**

**Charles J. LUKEN, Trustee in Bankruptcy for Campbell College, Inc., Third-Party Defendant.**

**Bankrtupcy No. 1–83–02646.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 22, 1985.

Bradley J. Histed, Oxford, Ohio, for claimants.

Charles J. Luken, Cincinnati, Ohio, trustee in bankruptcy.

Jeffrey Marks, Cincinnati, Ohio, for debtor.

### DECISION AND ORDER ON JURY TRIAL DEMAND

BURTON PERLMAN, Bankruptcy Judge.

Both the above identified contested matters involve claims filed by the respective claimants, Knodel and Hodges, and objections thereto by the debtor Patel.

Both claimants were employed as teachers by Campbell Commercial College, Inc., which is itself a debtor in a Chapter bankruptcy case in this court. Campbell Commercial College, Inc. was a corporate entity. Notwithstanding this fact, claimants have filed claims against the instant Chapter 11 debtor who concededly was not their employer. The instant debtor was, however, a principal in Campbell Commercial College, Inc.. It is the position of claimants that they are entitled to compensation from the bankruptcy estate of the instant debtor on a theory either of alter ego, or personal liability for exceeding his corporate authority by debtor, so that he should be held to have contracted with claimants in his own right. Claimants say that thereby debtor exposed himself to personal liability.

At a pretrial conference held in connection with these two contested matters, we ascertained that claimants wished a jury trial on the issues presented by their claims, including particularly the issue of alter ego or exceeding corporate authority. The parties have submitted memoranda on the question of claimants' right to a jury trial.

After careful consideration, we have reached the conclusion that claimants are not entitled to a jury trial on any issue which arises in their claims. Both claimants and the debtor understand that the 1984 Bankruptcy Amendments have no application to the present question because both claims and also the objections to them were filed prior to July 10, 1984, the effective date of the 1984 Bankruptcy Amendments. See Sec. 122(a), P.L. 98–353. Since that is so, we treat the question before us in accordance with the state of the law governing matters in the bankruptcy court at the time these contested matters arose. At that time the stay imposed by the Supreme Court on its decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co., et al.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), invalidating the jurisdictional provisions of the 1978 Bankruptcy Reform Act, had long since expired. This bankruptcy court then operated, as did all bankruptcy courts, under an Emergency Order issued by the District Court for our District:

The Emergency Order provided at (c)(1):

All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the Bankruptcy Judges of this district.

At (d)(1) the Emergency Order provided:

The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings . . .

The Emergency Order further provided at (d)(3)(A):

Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related pro-proceedings do *not* include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; . . . (Emphasis supplied).

From this provision it is clear that what we are dealing with in the contested matters here submitted to us are matters which are not related matters, that is, matters which are automatically referred to the bankruptcy court and as to which we may perform all acts and duties necessary to handle them. The Emergency Rule thus places the contests regarding claimants' contentions before us for disposition. It does not, however, offer guidance or control as to whether claimants are entitled to a jury trial on issues in their claims. We must look elsewhere for an answer to that question. While claimants contend that they should be granted a jury trial "when there is a constitutional right to one, or where state law would allow the same ...", controlling authority indicates otherwise.

In *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) the Supreme Court said at pp. 336–337:

But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee (citation omitted), when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity. The Bankruptcy Act, passed pursuant to the power given to Congress by Art I, § 8, of the Constitution to establish uniform laws on the subject of bankruptcy, converts the creditor's legal claim into an equitable claim to a pro rata share of the res....

We hold that claimants are not entitled to a jury trial on any question arising in connection with their claims and the objections thereto.

SO ORDERED.